**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**FRANK C. JOHNSON, JR.,**

    **Plaintiff,**

**vs.**                                                          **CASE NO. 1:08CV38-SPM/AK**

**JOHN H. WILBUR, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings yet again another baseless lawsuit under 42 U.S.C. §1983 against two private attorneys and a private law firm alleging emotional distress caused by their defense of a lawsuit Plaintiff filed against their clients in state court. (Doc. 1). He has faxed numerous papers to the clerk's office and filed two motions prior to any ruling on his motion for leave to proceed in forma pauperis. (See Docs. 6, 7, 8). It has been explained to Plaintiff recently in another lawsuit that this court does not have jurisdiction over private individuals who are not acting under color of state law, and he was also warned to refrain from inundating the clerk's office with paper. (See Doc. 32 in Case No. 1:07cv225-MP/AK). Plaintiff has been sanctioned in the past from this type of practice and was restricted by this court from filing any further complaints without payment of a monetary sanction and an affidavit detailing the nature of his claims and the persons against whom these claims were made. (See Doc. 28 in Case No.

1:97cv25-MP/WCS). Plaintiff paid the monetary sanction **only** after his previous case was dismissed for failing to comply with the Order (Case No. 1:07cv225-MP/AK), which was **ten** years after the sanction was imposed. The Court reopened his case upon his compliance with this order at considerable effort by chambers' staff and the clerks office, but Plaintiff was warned not to file anything else until his complaint had been reviewed and he received an order from the Court. He ignored this warning and continued filing numerous papers.

Obviously, the Court's patience and tolerance has gone unheeded and unappreciated. Pro se filings are typically afforded considerable leeway and additional effort by the staff is anticipated in processing these claims. However, Plaintiff has consumed far more of the Court's limited time and resources than is justified. It should be noted that in the many years Plaintiff has been filing cases in this Court, none of them have been found to have merit.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc 1) be **DISMISSED** as frivolous, and that he be sanctioned in the amount of $350.00 for disregarding the previous Orders of this Court requiring that a complaint be accompanied by an affidavit, and that no further filings of any kind be accepted by Plaintiff until the sanction is paid. It is **FURTHER RECOMMENDED** that Plaintiff be identified as an abusive filer with the Clerk's Office such that he must first file a motion seeking leave to file a complaint, identifying in 3 pages or less, the nature of his proposed lawsuit, and that any complaints presented to the Clerks Office without such a

**No. 1:08cv38-SPM/AK**

motion or prior to leave to file being granted, should be returned to Plaintiff without filing.

**IN CHAMBERS** at Gainesville, Florida, this **28th** day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:08cv38-SPM/AK**