IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK C JOHNSON JR,

    Plaintiff,

v.                                                       CASE NO. 1:08-cv-00038-MP-AK

JOEL SETTEMBRINI, JR,
SMITH HULSEY BUSSEY,
JOHN H WILBUR,

    Defendants.

_____/

## **O R D E R**

       This matter is before the Court on a motion to proceed in forma pauperis (doc. 2), motion for hearing on his complaint (doc. 6), Motion to appoint counsel (doc. 8), Report and Recommendation of the Magistrate Judge, (doc. 11), Motion for hearing re complaint (doc. 13), Motion to file pleadings from 1:07-cv-225 in instant case (doc. 15), Motion for hearing (doc. 23), and Motion for Recusal of Judge Maurice M Paul (doc. 26).

       Before ruling on the other motions, the Court will begin with the Motion for recusal, doc. 26. Recusal of federal judges is governed by 28 U.S.C.A. § 455 (West Supp.1989), which provides, in section 455(a), that a "judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although 28 U.S.C.A. § 144 continues to provide for recusal upon affidavit submitted by a party, Congress rewrote section 455 in 1974 for the specific purpose of "broaden[ing] and clarify[ing] the grounds for judicial disqualification." <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855 (1988). Under the new version of section 455, a judge is under an

affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist. Section 455 does away with the old "duty to sit" doctrine and requires judges to resolve any doubts they may have in favor of disqualification. See  United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir.1987), *cert. denied sub nom.*  Alabama State Univ. v. Auburn Univ., 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988).

"The very purpose of  § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."  Liljeberg, 108 S.Ct. at 2205. Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge. See  id. at 2202-03. The standard for recusal under section 455(a) is " 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' "  United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir.1989) (*quoting*  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir.1988), cert. denied,  490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989)).

Even under the expansive standard stated above, the Court can find no reason supporting recusal.  Mr. Johnson himself only gives the following reason:

> 5. The Defendants [sic] John H. Wilbur, Sr. has been dead over 2 years.  He died on April 12, 2006, which his partner Allen of Wilbur & Allen did not report in to the Court when the complaint was filed in this case.

> 6. Wherefore, the Plaintiff Frank C. Johnson, Jr., pro se, fears that he will be bias against if those Judge as stated above stay on this case [sic], and filed this motion in good faith and request the Court to assign this case to other Judge.

I find nothing in the above paragraphs, and know of no other fact that would cause anyone to entertain a significant doubt about my impartiality in this case. Accordingly, the motion to recuse is denied.

Also, having reviewed the filings in this case, the Report and Recommendation of the Magistrate Judge, and the objections filed thereto, the Court agrees that Mr. Johnson's complaint is frivolous on its face, and in violation of prior Court order not to file without first seeking approval. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The motions at docs. 2, 6, 8, 11, 13, 15, 23 and 26 are denied.

3. This case is dismissed with prejudice as frivolous.

4. Plaintiff is further sanctioned in the amount of $350.00 for disregarding the previous Orders of this Court requiring that a complaint be accompanied by an affidavit, and that no further filings of any kind be accepted by Plaintiff until the sanction is paid. Plaintiff is hereby identified as an abusive filer with the Clerk's Office such that he must first file a motion seeking leave to file a complaint, identifying in 3 pages or less, the nature of his proposed lawsuit, and that any complaints presented to the Clerks Office without such a motion or prior to leave to file being granted, should be returned to Plaintiff without filing.

**DONE AND ORDERED** this _9th_ day of December, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge